Rev. 01/03/11

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | CASE NO. 16-15878 MDC |
| SHARON ATWELL | : | |
| FITZROY ATWELL | : | |
| | : | |
| Debtor | : | |
| | : | |
| | : | ORIGINAL PLAN X |
| | : | Filed: September 2, 2016 |

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan. This form of plan has been published, as of the date set forth above, by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. By filing this plan, debtor(s) and their counsel are representing that there are no changes to the standard, published plan form, except as noted below in the Notice of Special Provisions section.

**PLAN PROVISIONS DISCHARGE: (Check one)**

    **X** The debtor will seek a discharge of debts pursuant to Section 1328(a).

    The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

    **X** This plan contains special provisions that are not included in the standard plan published by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. Those provisions are set out exclusively in the OTHER PLAN PROVISIONS section of this plan.

**1. PLAN FUNDING AND LENGTH OF PLAN**

    A. Payments by the debtor of **$400.00** per month for **60** months. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

    B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows:  $_____ from the sale of property (described property)_____.   All sales will be completed by _____.
Other lump sum payments shall be paid to the trustee as follows:

    Other payments from any source (describe specifically) shall be paid to the trustee as follows:

    C. For amended plans:
      (1) The plan payments by the debtor shall consist of the total amount previously paid ($_____) added to the new monthly payment in the amount of $_____ for the remaining _____ months of the plan for a total base amount, as amended, of $_____, plus other payments and property stated in Paragraph B above.
      (2) The payment amount shall change effective _____.
      (3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

    D. The debtor is responsible for funding the plan.

**2.    SECURED CLAIMS**

    A.    <u>Adequate Protection Payments under Section 1326</u>. Adequate protection payments in the following amounts will be paid by the debtor to the trustee.  The trustee will disburse pre- confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Address | Account No. | Payment |
|---|---|---|---|
|  |  |  |  |

    B.    <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| Chase Mortgage | Residence | Per Contract | Per Contract | Per Contract |
| Capital One Finance | Vehicle | Per Contract | Per Contract | Per Contract |
| Capital One | Vehicle | Per | Per Contract | Per Contract |

2

| | | | | |
|---|---|---|---|---|
| Finance  AC Autopay | Vehicle | Contract  Per Contract | Per Contract | Per Contract |

    C. <u>Arrears</u>

| Name of Creditor | Description of Collateral | Pre-Petition Arrears to be Cured | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Chase Mortgage | Residence | $7,000.00 | 0% | $7,000.00 |
| | | | | |
| | | | | |

    D. <u>Secured Claims Paid According to Modified Terms</u>.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as 'NO VALUE' in the "Modified Principal Balance" column below will be treated as an unsecured claim.  A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Motion or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

    E. <u>Other Secured Claims</u>.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| City of Philadelphia | Rental Property | $3,000.00 | 0% | $3,000.00 |
| | | | | |
| | | | | |

    F. <u>Surrender of Collateral</u>:

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| None | |
| | |
| | |

3

G. Lien Avoidance. The debtor will move to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| None | |
| | |
| | |

3.  **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| None | |
| | |
| | |

B. Administrative Claims:

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
(2) Attorney Fees. In addition to the retainer of $1,136.00 already paid by the debtor, the amount of $2,000.00 in the plan.

4.  **UNSECURED CLAIMS**

A. Claims of Unsecured Nonpriority Creditors Specially Classified. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |

B. Claims of General Unsecured Creditors. The debtor estimates that a total of $_____ will be available for distribution to unsecured creditors. The debtor calculates that a minimum of $_____ must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

C. Funding (check one)

    X Pro rata
      100%

**5.　EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-Petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**6. OTHER PLAN PROVISIONS:**

In addition to the Attorney Fees provision in Section 3(B)(2) above, any additional amounts approved for payment by the Court for attorneys' fees shall be paid through the Plan.  Counsel for the Debtor may submit more than one fee application.  Additional attorneys' fees and costs approved by the Court and remaining unpaid upon the completion of this case shall not be discharged and shall be paid directly by the Debtor before or after the entry of a discharge order.

**7. ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the following order:

    Level 1:
    Level 2:
    Level 3:
    Level 4:
    Level 5:
    Level 6:
    Level 7:
    Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:

    Level 1:  Adequate protection payments.
    Level 2:  Debtor's attorney's fees.
    Level 3:  Domestic Support Obligations.
    Level 4:  Priority claims, pro rata.
    Level 5:  Secured claims, pro rata.
    Level 6:  Specially classified unsecured claims.
    Level 7:  General unsecured claims.
    Level 8:  Untimely filed unsecured claims to which the debtor has not objected.

**8. REVESTING OF PROPERTY (Check One)**

    X Property of the estate will vest in the debtor upon confirmation
       Property of the estate will vest in the debtor upon closing of the case.


**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

    1.  All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

    2.  If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor.  Claims filed after the bar date that are not properly served on the trustee will not be paid.  The debtor is responsible for reviewing claims and filing objections, if appropriate.

    3.  In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

    4.  If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.


Dated: September 2, 2016                      /s/ Raymond Kempinski
                                               Raymond Kempinski
                                               Attorney for Debtors


                                             /s/ Sharon Atwell
                                             Sharon Atwell, Debtor

                                             /s/ Fitzroy Atwell
                                             Fitzroy Atwell, Debtor