IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Fitzroy Atwell<br>Sharon Atwell<br>                        Debtors | CHAPTER 13 |
| U.S. Bank National Association, not in its individual capacity, but solely as legal title trustee for BCAT 2016-18TT<br>                        Movant<br>vs. | NO. 16-15878 AMC |
| Fitzroy Atwell<br>Sharon Atwell<br>                        Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>                        Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through March 2019.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due April 1, 2018 in the amount of $947.27.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: April 3, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: April 9, 2019

Ronald G. McNeil, Esquire
Attorney for Debtors

Date: 4-11-19

JACK William C. Miller, Esquire
Chapter 13 Trustee
NO objection

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

**Date: May 8, 2019**

Bankruptcy Judge
Ashely M. Chan