UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Case No.  16 - 15878 |
|   Sharon & Fitzroy Atwell | : | (Chapter 13) |
| Debtors. | : | |
| | : | Hon. Ashely M. Chan |
| | : | |

## ORDER

AND NOW, upon consideration of Debtors' Motion to Sell Property Free and Clear of Liens, upon notice to all interested parties, upon the filing, and any responses thereto, and after a hearing before the Court and for good cause shown

Having considered the Motion and all related objections and filings, and evidence submitted by the parties,

THE COURT FINDS THAT:
1.     Notice of the Motion was proper and adequate.
2.     The Buyer, Mustaphe Omar (the "Buyer"), acted good faith and are entitled to the protections of Section 363(m) of the Bankruptcy Code.

Based on the foregoing and the findings and conclusions in the record, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:
a)     The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances;

b)     The Motion to Sell is GRANTED and the sale to Buyer is APPROVED;

c)     Debtors are authorized to sell 862 North 47th Street in the City and County of Philadelphia, within the Commonwealth of Pennsylvania 19139-1805 ("Property") described in the Agreement for Sale of Real Estate (the "Purchase Agreement") to the Buyer;

d)    The Purchase Agreement is hereby and appropriately modified by the following paragraphs;

e)    Buyer shall pay $55,000.00 for the Property and shall pay all of the appropriate closing costs and settlement fees;

f)    In addition and at closing, Debtors shall satisfy their Chapter 13 Plan; and

g)    Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the property described in the Purchase Agreement, free and clear of the following liens, claims or interests: (1) the claims of creditors listed on Debtors' bankruptcy schedules, and (2) the claims by parties who have filed claims or requests for special notice with the Court, provided the parties do not assert a lien or interest in the property.

The title clerk shall fax a completed HUD-l or settlement sheet from the closing directly to the Office of the Chapter 13 Standing Trustee, William C. Miller, Esquire, immediately upon the close of the settlement, and the Trustee shall promptly notify the title company of their approval or objections to the sums to be disbursed.  Upon Trustee's approval, the title clerk shall complete closing.

DATE:                                           BY THE COURT:

**Date: July 14, 2020**

_____
Hon. Ashely M. Chan
U.S. Bankruptcy Judge

Copies to:
Debtors: Fitzroy A. & Sharon D. Atwell
Debtors' Attorney: Ronald G. McNeil, Esquire
Chapter 13 Standing Trustee: William C. Miller, Esquire
Creditors: